MEMORANDUM **
Defendant Kenneth Delano appeals the district court’s order denying his motion to suppress evidence. Because the record shows that Mr. Delano was arrested after a valid investigatory stop, and that the evidence at issue was discovered in the course of a valid search incident to arrest, we affirm.
This court reviews the lawfulness of a search and seizure de novo. See United States v. Berber-Tinoco, 510 F.3d 1083, 1087 (9th Cir.2007); United States v. Stafford, 416 F.3d 1068, 1073 (9th Cir.2005). Whether or not the police officers had reasonable suspicion to make an investigative stop is a mixed question of fact and law which this court reviews de novo. See United States v. Manzo-Jurado, 457 F.3d 928, 934 (9th Cir.2006). The district court’s underlying findings of fact are reviewed for clear error. See Berber-Tinoco, 510 F.3d at 1087; Stafford, 416 F.3d at 1073.
Investigative detentions must be supported by “reasonable suspicion” based on articulable facts that criminal activity “may be afoot.” Terry v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Courts reviewing the legality of investigatory detentions “must look at the ‘totality of the circumstances’ of each case to see whether the detaining officer ha[d] a ‘particularized and objective basis’ for suspecting legal wrongdoing.” United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). Here, the police received information about an reported domestic violence incident involving one man and one woman in a residence at the end of a dead-end street, and minutes later happened upon a car containing one man and one woman driving away from that dead-end. The totality of these circumstances justifies a brief investigative detention in order to ascertain whether the individuals in the car were those involved in the reported criminal activity. Once Mr. Delano identified himself using the name of the man reported to be involved in the domestic violence incident, the officers had reasonable suspicion to detain him for further questioning. The investigative stop that led to Mr. Delano’s arrest was thus valid.
A “vehicle search incident to a recent occupant’s arrest after the arrestee has been secured and cannot access the interior of the vehicle” is invalid unless “it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle.” Arizona v. Gant, — U.S. -, -, 129 S.Ct. 1710, 1714, 173 L.Ed.2d 485 (2009). Mr. Delano was arrested on an outstanding warrant for violating the conditions of his parole. Possession of a firearm is a parole violation. The police officers who arrested Mr. Delano saw a firearm at Mr. Delano’s feet during the course of that arrest. It was therefore reasonable for the officers to believe that evidence of the offense of arrest, violation of parole, would be found in a subsequent search of the vehicle. The vehicle search that led to the seizure of Mr. Delano’s firearm was thus a valid search incident to arrest.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.